# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**GS HOLISTIC, LLC,**

      **Plaintiff,**

v.                                                     Case No: 6:22-cv-1985-PGB-EJK

**PRSN, LLC and SARA MAHMUDA,**

      **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff's Motion for Entry of Clerk's Default against Defendant, PRSN, LLC (the "Motion") (Doc. 23), filed March 20, 2023. Upon consideration, the Motion is due to be granted.

## I.   BACKGROUND

Plaintiff filed a Complaint against Defendant PRSN, LLC and Sara Mahmuda on October 28, 2022, for trademark infringement, counterfeiting, and false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051–1141n. (Doc. 1).[1] The Proof of Service affidavit reflects that PRSN, LLC, was served on December 1, 2022, through service on Defendant Sara Mahmuda. (Doc. 14.) Plaintiff now seeks entry of a clerk's default against PRSN, LLC, for its failure to appear in this case. (Doc. 23.)

---

[1] Plaintiff initially named a third Defendant in the Complaint, but that Defendant has since been terminated. (Doc. 18.)

## II. STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III. DISCUSSION

PRSN, LLC, is a Florida LLC. (Doc. 1 ¶ 3.) Under the federal rules, a corporate defendant may be served by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B).

The Proof of Service affidavit reflects that PRSN, LLC, was served on December 1, 2022, through service on Defendant Sara Mahmuda. (Doc. 14.) The Florida Division of Corporations website reflects that Ms. Mahmuda is the registered agent for PRSN, LLC, so service was effect under Rule 4(h)(1)(B).[2] As PRSN, LLC

---

[2] *Detail by Entity Name of PRSN, LLC*, Division of Corporations, an official State of Florida website, https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquiryty

was served on December 1, 2022, and more than 21 days have passed with no responsive pleading filed, default is appropriate. Fed. R. Civ. P. 12(a)(1)(A)(i).

## IV. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Motion for Entry of Clerk's Default against Defendant, PRSN, LLC (Doc. 23) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter a default against Defendant PRSN, LLC.

**DONE** and **ORDERED** in Orlando, Florida on April 14, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

pe=EntityName&directionType=Initial&searchNameOrder=PRSN%20L100000611530&aggregateId=fla1-l10000061153-f62a73c1-9801-46c5-8fba-53948c7f8d8a&searchTerm=PRSN%20LLC&listNameOrder=PRSN%20L100000611530 (last visited Apr. 13, 2023).