UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GS HOLISTIC, LLC,**

      **Plaintiff,**

v.                                                               Case No: 6:22-cv-1985-PGB-EJK

**PRSN, LLC and SARA MAHMUDA,**

      **Defendants.**

### ORDER

This cause comes before the Court on Plaintiff's Motion for Clerk's Default (the "Motion"), filed May 24, 2023. (Doc. 27.) Therein, Plaintiff seeks default against Sara Mahmuda. (*Id.*) Upon consideration, the Motion is due to be denied without prejudice.

### I. BACKGROUND

On October 28, 2022, Plaintiff filed a Complaint against Defendants PRSN, LLC ("PRSN"), and Sara Mahmuda for trademark infringement and counterfeiting (Count I), and false designation of origin and unfair competition (Count II), all in violation of the Lanham Act, 15 U.S.C. §§ 1051–1141n. (Doc. 1.)[1] On December 1, 2022, Plaintiff served PRSN's registered agent, Defendant Sara Mahmuda, at 5815 East Colonial Drive, Orlando, Florida 32807. (Doc. 14.) The Florida Division of

---

[1] Plaintiff initially named a third Defendant in the Complaint, but that Defendant has since been terminated. (Doc. 18.)

Corporations confirms that Sara Mahmuda is the registered agent for PRSN, so service was effective under Federal Rule of Civil Procedure 4(h)(1)(B). (*Id.*)[2] PRSN's response to the Complaint was due by December 22, 2022, but PRSN failed to respond. (Doc. 24 at 2.) The Court granted Plaintiff's Motion for Entry of Clerk's Default against PRSN on April 14, 2023. (Doc. 24 at 3.)

The proof of service affidavit reflects that Plaintiff served Sara Mahmuda on March 8, 2023, by leaving the summons at the "individual's residence or usual place of abode" with Samil Mahmuda, a person of suitable age and discretion who resides at 5815 E Colonial Drive, Orlando, Florida 32807. (Doc. 21.) *See also* Fla. Stat. § 48.031(1)(a). The Court ordered Plaintiff to show cause why the Complaint against Sara Mahmuda should not be dismissed for failure to prosecute pursuant to Local Rule 3.10, which was discharged on June 1,2023. (Doc. 26, 29.) Plaintiff filed a Motion for Clerk's Default against Sara Mahmuda, asserting that defendant has not responded to the Compliant or otherwise appeared and the time to do so has expired. Fed. R. Civ. P. 12(a) (providing that a defendant must file a responsive pleading to a complaint within 21 days after being served a copy of the summons and the complaint).

---

[2] *Detail by Entity Name of PRSN, LLC*, Division of Corporations, an official State of Florida Website, https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=PRSN%20L100000611530&aggregateId=fla1-l10000061153-f62a73c1-9801-46c5-8fba53948c7f8d8a&searchTerm=PRSN%20LLC&listNameOrder=PRSN%20L1000 0061 1530 (last visited Apr. 13, 2023).

## II. STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 223 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III. DISCUSSION

Section 48.031(1)(a) of the Florida Statutes, which must be strictly construed, allows for service of process by "leaving the copies at [the defendant's] usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a). The phrase "usual place of abode" means "the place where the defendant is actually living at the time of service." *Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So. 2d 952, 954 (Fla. 2001). Therefore, if a person has more than one residence, that person must be served at the residence in which the person is actually living at the time service is made. *Torres v. Arnco Constr., Inc.*, 867 So. 2d 583, 586 (Fla. 5th DCA 2004) (quoting *State ex rel. Merritt v. Heffernan*, 142 Fla. 496, 195 So. 145 (1940)).

A summons was issued for Defendant Sara Mahmuda at 4348 Bancroft Blvd, Orlando, Florida 32833. (Doc. 6 at 3.) However, Plaintiff submitted a proof of service affidavit that indicates service was made on Samil Mahmuda at 5815 E Colonial

Drive, Orlando, Florida 32807. (Doc. 21.) Plaintiff has failed to establish that service was proper because: (1) The address where service was made is not a residential address, but is registered to Discount Tobacco Corner. (Doc. 1-2)[3]; and (2) the location where the service was made does not appear to be where Sara Mahmuda was actually living. (Doc. 1-3.)

Thus, the Court will deny the Motion without prejudice, and Plaintiff may attempt service on Defendant at the correct "usual place of abode" or submit supporting documentation to establish that service was effective upon Samil Mahmuda.

## IV.   CONCLUSION

Accordingly, it is hereby **ORDERED** that the Motion (Doc. 27) is **DENIED without prejudice.** Plaintiff may file a renewed motion addressing the deficiencies in this Order or re-serve Defendant within 14 days of the date of this Order.

**DONE** and **ORDERED** in Orlando, Florida on June 29, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[3] Defendant PRSN, LLC does business as Discount Tobacco Corner. The address for PRSN, LLC issued on the summons is 5815 East Colonial Drive, Orlando, Florida 32807.