UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GS HOLISTIC, LLC,**

      **Plaintiff,**

v.                                                   Case No: 6:22-cv-1985-PGB-EJK

**PRSN, LLC and SARA MAHMUDA,**

      **Defendants.**

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Entry of Clerk's Default against Defendant, Sara Mahmuda (the "Motion") (Doc. 32), filed August 7, 2023. For the reasons set forth below, the Motion is due to be granted.

**I.    BACKGROUND**

On October 28, 2022, Plaintiff filed a Complaint against Defendant PRSN, LLC, and Sara Mahmuda for trademark infringement, counterfeiting, and false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051–1141n. (Doc. 1).[1] The Proof of Service affidavit reflects that Sara Mahmuda was personally served on July 12, 2023. (Doc. 31.) Plaintiff now seeks entry of a clerk's default against Mahmuda for her failure to appear in this case. (Doc. 32.)

---

[1] Plaintiff initially named a third Defendant in the Complaint, but that Defendant has since been terminated. (Doc. 18.)

## II. LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III. DISCUSSION

Federal Rule of Civil Procedure 4(e) provides that service on an individual may be perfected by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). The Proof of Service indicates that Mahmuda was personally served. (Doc. 31.) As such, the Court finds that Plaintiff perfected service of process on her pursuant to Federal Rule of Civil Procedure 4(e). As Mahmuda was served on July 12, 2023, and more than 21 days have passed with no responsive pleading filed, default is appropriate. Fed. R. Civ. P. 12(a)(1)(A)(i).

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion (Doc. 32) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter default as to Defendant Sara Mahmuda.

**DONE** and **ORDERED** in Orlando, Florida on September 14, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE